UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LEE P. ROSKY, derivatively, on behalf of WELLCARE HEALTH PLANS, INC., <br><br> Plaintiff, <br><br> -v- <br><br> TODD S. FARHA, *et al.*, <br><br> Defendants, <br><br> -and- <br><br> WELLCARE HEALTH PLANS, INC., <br><br> Nominal Defendant. | No. 8:07-cv-1952-T-33MAP <br><br> (Consolidated) |

## ORDER AND FINAL JUDGMENT

WHEREAS, certain of the Parties to the above-captioned action have filed a motion, pursuant to Federal Rule of Civil Procedure 23.1, for final approval of the Stipulation of Partial Settlement, dated March 3, 2010 and the settlement contained therein;

WHEREAS, the Court held a hearing on July 7, 2010 to consider the Parties' motion and the relief sought therein;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the subject matter of the Action and the Parties to the Action.

2. The Court finds, for purposes of the Settlement, pursuant to Federal Rule of Civil Procedure 23.1, that: (a) Plaintiffs fairly and adequately represent the interests of the Current WellCare Shareholders in enforcing the rights of WellCare, and (b) that the Action was properly brought as a shareholder derivative action.

3. Notice of the pendency of the Action and of the proposed Settlement was given to all Current WellCare Shareholders. The form, substance and method of notifying the Current WellCare Shareholders of the pendency of the Action and of the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23.1 and due process and constituted due and sufficient notice to all Current WellCare Shareholders.

4. The Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of WellCare and the Current WellCare Shareholders, pursuant to Federal Rule of Civil Procedure 23.1, and the Parties are hereby directed to perform the terms of the Stipulation.

5. Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively, on behalf of WellCare), WellCare, and each of the Current WellCare Shareholders, shall be deemed conclusively to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, waived, extinguished, dismissed, relinquished and discharged all Released Claims against the Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement or resolution of the Action against the Released Persons and shall be forever enjoined from prosecuting the Released Claims to the fullest extent permitted by law. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation. Nothing herein shall be deemed to affect or release any of WellCare's claims against the Officer Defendants.

6. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, waived, extinguished, dismissed, relinquished and discharged each and all of Plaintiffs' and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation. Nothing herein shall be deemed to affect or release any of WellCare's claims against the Officer Defendants.

7. In accordance with Section 4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A), each of the Released Parties is by virtue of the Settlement discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any of the Non-Settling Defendants or any of the Settling Defendants

based upon, relating to, or arising out of the Released Claims.  Accordingly, (a) the Non-Settling Defendants and the Settling Defendants are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any such claim for contribution against any Released Party based upon, relating to, or arising out of the Released Claims, and (b) the Released Parties are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for contribution against the Non-Settling Defendants based upon, relating to, or arising out of the Released Claims.  For purposes of this paragraph, "Non-Settling Defendants" shall include any person who Plaintiffs or WellCare may hereafter sue on any claim based upon, relating to, or arising out of the Released Claims, and "Settling Defendants" means WellCare and the Independent Director Defendants.  Nothing herein shall be deemed to affect or release any of WellCare's claims against the Officer Defendants.

8. The SLC's motion to realign WellCare as the plaintiff against the Officer Defendants and to dismiss all claims against the Independent Director Defendants (Doc. # 143) is granted.

9. All claims against the Independent Director Defendants are hereby dismissed with prejudice and without costs, except as otherwise provided below.  WellCare is hereby realigned as the plaintiff in this action.  Lee P. Rosky, Kathy Rooney Guerra and James Irvin are dismissed from this action.  Counsel for the SLC are hereby substituted as counsel for the plaintiff WellCare.

10. All Current WellCare Shareholders shall be bound by all orders, determinations and judgments in the Action, to the extent of any rights they may derivatively possess through WellCare.

11. The Court hereby approves the Fee Award in the amount of $1,687,500. WellCare is directed to pay or cause to be paid to Plaintiffs' Counsel the Fee Award in accordance with the terms of the Stipulation.

12. During the course of the litigation of the Action, including the filing, prosecution, defense, and settlement of the Action, all Settling Parties and their counsel acted in good faith, and complied with Federal Rule of Civil Procedure 11.

13. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Persons as a presumption, a concession or an admission of, or evidence of, the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other Person in any other actions or proceedings, whether civil, criminal or administrative. Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, full faith and credit, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and (b) all Parties hereto for the sole purpose of construing, enforcing and administering the Stipulation.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. However, any order or proceeding relating solely to an award of attorney's fees and expenses, or any appeal relating thereto or reversal or modification thereof, shall have no effect on the Settlement and shall not operate to terminate or cancel the Stipulation to the extent provided by and in accordance with the Stipulation.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of July, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE